IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT A TEXAS LIMITED PARTNERSHIP, <br><br> PLAINTIFF, <br><br> VS. <br><br> ANTHONY QUINLAND CLARK <br><br> DEFENDANT. | § § § § § § § § § § § § | C.A. NO.: 4:13-cv-00766 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, FUNimation Entertainment, by its attorney, files this Original Complaint and for cause, respectfully shows the Court as follows:

### JURISDICTION AND VENUE

1. This is an action brought pursuant to the Copyright Act, 17 U.S.C. § 501 et seq. This Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1338(a) because this is a civil action arising under an Act of Congress relating to copyrights.

2. This Court has personal jurisdiction over Defendant because Defendant is a resident of this district. Specifically, Defendant is a resident of Fort Worth, Texas.

3. Under 28 U.S.C. § 1400(a), this Court is the proper venue for this action because this is an action relating to copyrights and Defendant resides within this district.

### NATURE OF THE CASE

4. This is a case concerning copyright infringement via the Internet involving the infamous and revolutionary filesharing protocol known as BitTorrent. Using a computer equipped with a mainstream, commercial variant of BitTorrent software called Vuze, Defendant

sought out a BitTorrent "swarm" named for Plaintiff's motion picture, "IP MAN The Legend is Born 2010 DVDRip-Bba." Upon finding the swarm (a group of people sharing the same content), Defendant downloaded a special file called a ".torrent" file, which contains a unique key, known as a hash, that identifies the swarm in question. With this key and other information in the .torrent file, Defendant used the Vuze software to connect to this specific swarm that was "sharing" Plaintiff's motion picture and began downloading that motion picture, piece by piece, from the other members in the group simultaneously. Every piece of the film that Defendant successfully downloaded was then made instantly available to new members joining the group and those pieces were uploaded to new members in a matter of seconds per piece.

## PARTIES

5. Plaintiff is an entertainment company, which produces, markets and distributes animated motion pictures and other media in the United States and numerous other territories. Plaintiff brings this action to stop Defendant from copying and distributing unauthorized copies of the animated motion picture, *The Legend Is Born: IP Man* over the Internet. Plaintiff is both the exclusive U.S. distributor and copyright owner of the motion picture in question, the copyright registration for which has been duly submitted to the U.S. Copyright Office.

6. Defendant is a natural person residing in Fort Worth, Texas.

## CLAIMS OF COPYRIGHT INFRINGEMENT

7. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 6 as if fully set forth herein.

8. Defendant reproduced and distributed a copyrighted motion picture owned by Plaintiff without Plaintiff's authorization and without license, express or implied.

9. The foregoing acts of infringement have been willful, intentional, and in disregard

of and with indifference to the rights of Plaintiff. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief from Defendant pursuant to 17 U.S.C. § 504.

10. The conduct of Defendant caused Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy his copy of the copyrighted motion picture "*The Legend Is Born: IP Man*," made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff demands a jury trial and prays for judgment against Defendant as follows:

a. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted motion picture, "*The Legend Is Born: IP Man*" and any motion picture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

b.  For actual damages.

c.  For such other and further relief as the Court deems proper.

Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
Stone & Vaughan, PLLC
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas  76201
Phone: 469-248-5238
E-mail: evan@stonevaughanlaw.com